Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORI HILL,<br><br>    Plaintiff,<br><br>v.<br><br>DESIGNED RECEIVABLE SOLUTIONS, INC.,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET. SEQ.;**<br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

CORI HILL ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DESIGNED RECEIVABLE SOLUTIONS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection

Practices Act, cal. Civ. Code §1788, *et seq.* ("RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of California and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Los Angeles, California 90025.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7. Defendant is a corporation specializing in debt collection with its principal place of business located at 1 Centerpointe Drive, Suite 450, La Palma, California 90623.

PLAINTIFF'S COMPLAINT

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff as the term is defined by the FDCPA at 15 U.S.C. § 1692a(5) and the RFDCPA at Cal. Civ. Code §1788.2(f).

11. The alleged debt originated from a Cash Net USA debt from 2013, which arose from transactions that were primarily for personal, family, or household purposes.

12. Within the one year period preceding the filing of this Complaint and continuing into May 2016, Defendant's collectors placed repeated and harassing debt collection calls to Plaintiff's cellular telephone.

13. Defendant's harassing debt collection calls derived from numbers including, (800) 348-2301. The undersigned has confirmed that this number belongs to Defendant.

14. When the calls first initiated, Plaintiff told Defendant to stop calling.

15. However, Defendant ignored Plaintiff's requests and continued to call.

PLAINTIFF'S COMPLAINT

16. Once Defendant was aware that its calls were unwanted, any further calls could only have been for the purpose of harassment.

17. Defendant also placed calls to Plaintiff at inconvenient times including before 8:00 a.m.

18. During its calls Defendant also threatened to garnish Plaintiff's wages as well as pursue legal action against her and levy her tax returns if the debt was not paid.

19. Plaintiff knew it was Defendant calling as she spoke with a male called named Richard who identified the company's name.

20. In order to ultimately stop receiving Defendant's calls, Plaintiff was forced to download a call blocking application on her cellular device from Defendant's number after her repeated requests to stop the calls.

21. Defendant's actions as described herein were made with the intent to harass, deceive and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

22. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

23. Defendant violated § 1692d of the FDCPA when it called Plaintiff

repeatedly and continuously and when it continued to call Plaintiff even after she informed Defendant to stop calling.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

24. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number..

25. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT III
## DEFENDANT VIOLATED §1692c(a)(1) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

26. Section 1692(c)(a)(1) prohibits a debt collector from, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, to communicate with a consumer in connection with the collection of any debt -- at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a

consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

27. Defendant violated §1692c(a)(1) of the FDCPA by contacting Plaintiff before 8am.

## COUNT IV
## DEFENDANT VIOLATED §§1692e, 1692e(5) AND 1692e(10) OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Section 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

29. Section 1692e(10) prohibits a debt collector from using of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

30. Section 1692e(5) prohibits a debt collector from threatening to take action that cannot legally be taken or is not intended to be taken.

31. Defendant violated §§1692e, 1692e(5), and 1692e(10) of the FDCPA by threatening to garnish Plaintiff's wages, pursue legal action against her, and levy her tax returns if the debt was not paid in 2015. Defendant made these threats to coerce payment from Plaintiff without the intent to actually take such actions.

# COUNT V
# DEFENDANT VIOLATED THE
# ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

32. Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with § 1692b through § 1692j of the FDCPA.

33. Defendant violated Cal. Civ. Code § 1788.17, when it violated the FDCPA for the reasons set forth in this Complaint.

WHEREFORE, Plaintiff, CORI HILL, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17;

    g. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CORI HILL, demands a jury trial in her case.

                              RESPECTFULLY SUBMITTED,

DATED: 7-28-16          KIMMEL & SILVERMAN, P.C..

                            By: /s/ Amy L. Bennecoff Ginsburg
                                Amy L. Bennecoff Ginsburg(275805)
                                Kimmel & Silverman, P.C
                                30 East Butler Pike
                                Ambler, PA 19002
                                Telephone: (215) 540-8888
                                Facsimile (215) 540-8817
                                Email: aginsburg@creditlaw.com
                                Attorney for Plaintiff

PLAINTIFF'S COMPLAINT